# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOEY WRIGHT, as next of kin for K.B., minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. CIV-12-320-RAW |

## ORDER

Plaintiff filed this action on July 24, 2012 seeking damages for alleged negligent care given to her daughter, K.B., at the Choctaw Nation Healthcare Center ("CNHC"). K.B. was born at CNHC with hydrocephalus. Plaintiff alleged that CNHC had a duty to diagnose K.B. with hydrocephalus, that CNHC breached that duty by failing to diagnose her, and that CNHC's breach injured K.B. This court held a bench trial on July 16-17, 2013.

At trial, the court received numerous exhibits, including a banker's box of medical records, and the reports of various experts. The court also heard live testimony from Dr. Robin Smith, Joey Wright Caughern, Dr. Marie Cole and Dr. Mark Hille. The parties also presented the deposition testimony of Dr. Charles Woodridge, JoAnn Rosenberger, CPNP, Teresa Vaden, LPN, Dr. Shane Ashford, Ross Green, Nellie Wright, Edmand Provder, Thomas Roney, and Dr. Joe G. Gonzales.

On March 31, 2014, after careful consideration of the record as a whole, the court entered its Findings of Fact and Conclusions of Law. The court found that K.B.'s hydrocephalus was congenital, but that Defendant health care providers at CNHC had a duty to diagnose K.B.'s hydrocephalus and breached that duty by negligently failing to diagnose K.B. with

hydrocephalus. The court, however, further found that Plaintiff failed to prove that the negligence of CNHC caused damages to K.B. The court, therefore, entered judgment against Plaintiff and in favor of Defendant.

Now before the court are Plaintiff's motion for judgment as a matter of law [Docket No. 71], motion for new trial [Docket No. 72], motion to amend the court's findings [Docket No. 73] and motion to alter or amend judgment [Docket No. 74]. Defendant filed responses objecting to each motion. No replies were filed.

## *MOTION FOR JUDGMENT AS A MATTER OF LAW*

Plaintiff states that her motion for judgment as a matter of law is pursuant to Federal Rule of Civil Procedure 50(b)(3). Defendant correctly points out that Rule 50 applies to jury trials. Defendant suggests the court construe it as a motion pursuant to Rule 52. Plaintiff has filed a separate motion pursuant to Rule 52, which the court addresses below. In any event, the court has considered Plaintiff's motion for judgment as a matter of law, and for the reasons set out in the Findings of Fact and Conclusions of Law, it is denied.

## *MOTION TO AMEND THE COURT'S FINDINGS*

Incorporating her arguments from her motion for judgment as a matter of law, Plaintiff requests the court to amend its findings pursuant to Federal Rule of Civil Procedure 52(a)(5) and 52(b). Rule 52(a)(5) states: "A party may later question the sufficiency of the evidence supporting the findings . . . ." Rule 52(b) allows the court on a party's motion to amend its findings or make additional findings and amend the judgment accordingly.

Plaintiff requests that the court amend its ruling and find that Plaintiff proved that the negligence of CNHC caused at least some damages to K.B., preferably in the amounts presented by Dr. Gonzales. Notably, Plaintiff argues that even if her damages are zero, a verdict still must

2

be rendered in her favor. Under Oklahoma law,

> A prima facie case of medical malpractice, like all negligence claims, contains three elements: "(a) a duty owed by the defendant to protect the plaintiff from injury, (b) a failure to properly exercise or perform that duty and (c) plaintiff's injuries proximately caused by the defendant's failure to exercise his duty of care."

Robinson v. Oklahoma Nephrology Assoc., Inc., 154 P.3d 1250, 1253-54 (Okla. 2007). If Plaintiff has zero injuries attributable to Defendant's failure to exercise its duty of care, then Plaintiff has not proven her prima facie case. Alternatively, Plaintiff seeks to provide "two or three simple affidavits" to provide the court with direction to complete its Findings of Fact and Conclusions of Law.

Plaintiff argues that the court "chose to ignore" the facts that were sufficient to establish causation "and instead focused on the near ridiculous testimony of Defendant's expert witness, Dr. Hille." Dr. Hille testified that there was no way to prove which, if any, of K.B.'s deficits were caused by the delayed diagnosis. Plaintiff refers to Dr. Hille's opinion as "near ridiculous," but as the court pointed out in the Findings of Fact and Conclusions of Law and again below, Plaintiff failed to provide any proof of which deficits, if any, were caused by the delayed diagnosis. In short, Plaintiff's evidence simply was not sufficiently persuasive.

Plaintiff argues that Dr. Smith's testimony was the most compelling and credible and that he was clear about causation in this case. The court did not ignore Dr. Smith's testimony. In fact, on page 41 of the Findings of Fact and Conclusions of Law, the court notes that while Dr. Smith testified that CNHC's actions damaged K.B., he did not offer any opinion as to what specific injuries, deficits or damages arose from CNHC's actions.

The court also noted that Dr. Gonzales' Life Care Plan did not distinguish between what treatment and rehabilitation K.B. would need because of delayed diagnosis versus what treatment

3

and rehabilitation she would need as a result of suffering congenital hydrocephalus. Indeed, Dr. Gonzales stated emphatically that he was not a causation expert. Dr. Cole provided the only testimony that came close to showing damages caused by the delayed diagnosis. Her testimony, however, was too abstract. While she stated that a delayed diagnosis would generally cause damage, she did not provide any testimony as to how much increased damage K.B. suffered because of the delayed diagnosis. Furthermore, no sufficient foundation was laid establishing Dr. Cole's expertise to give such an opinion.

The court ultimately found that no evidentiary basis exists in the record to determine what increased or worse injuries K.B. actually suffers from as a result of delayed diagnosis versus simply being born with congenital hydrocephalus. Accordingly, the court found Plaintiff did not prove damages caused by the breach. Contrary to Plaintiff's assertion, Plaintiff must prove damages to prevail on her medical malpractice claim.

Additionally, given the extensive record, the court does not believe that "two or three simple affidavits" would be sufficient to show what damages K.B. suffered as a result of the delayed diagnosis. Plaintiff failed to prove her case. The motion to amend the court's findings is denied.

***MOTION TO ALTER OR AMEND JUDGMENT***

Plaintiff also requests that the court alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The purpose of Rule 59(e) "is to correct manifest errors of law or to present newly discovered evidence." Monge v. RG Petro-Mach. (Grp.) Co. Ltd., 701 F.3d 598, 611 (10th Cir. 2012). The court may grant a Rule 59(e) motion when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to

4

correct clear error or prevent manifest injustice." Id.

There has been no change in the controlling law. There is no evidence previously unavailable. As is clear from the court's rulings above, there is no clear error or manifest injustice. The motion, therefore, is denied.

## *MOTION FOR NEW TRIAL*

Plaintiff requests a new trial pursuant to Federal Rule of Civil Procedure 59(a)(2), which provides: "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Similar to a Rule 59(e) motion, the purpose of a Rule 59(a)(2) motion "is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." Waugh v. Williams Cos., Inc. Long Term Disability Plan, 323 Fed.Appx. 681, 684 (10th Cir. 2009). These are not present here; thus, the motion is denied.

## *CONCLUSION*

For the reasons set forth above, Plaintiff's motion for judgment as a matter of law [Docket No. 71], motion for new trial [Docket No. 72], motion to amend the court's findings [Docket No. 73] and motion to alter or amend judgment [Docket No. 74] are DENIED.

IT IS SO ORDERED this 2nd day of July, 2014.

**Dated this 2nd day of July, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma